1

2

3

4      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
5                AT TACOMA

6   JOHN D.,

7                           Plaintiff,          Case No. C19-743 TLF

8        v.                                     ORDER AFFIRMING
                                                DEFENDANT'S DECISION TO
9   COMMISSIONER OF SOCIAL                      DENY BENEFITS
    SECURITY,
10
                            Defendant.
11

12        Plaintiff has brought this matter for judicial review – for the third time -- of

13   defendant's denial of his applications for disability insurance and supplemental security

14   income benefits. The parties have consented to have this matter heard by the

15   undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73;

16   Local Rule MJR 13.

17        On April 25, 2011, Administrative Law Judge ("ALJ") Mattie Harvin-Woode issued

18   a decision finding plaintiff not disabled. AR 11–22. Plaintiff sought review for the first

19   time, in the U.S. District Court for the Eastern District of Washington, and U.S.

20   Magistrate Judge Victor Bianchini reversed the ALJ's decision. AR 838–59.

21        In August 2015, on the first remand, Administrative Law Judge R.J. Payne issued

22   a decision again finding plaintiff not disabled. AR 680–91. Plaintiff sought review for the

23   second time in The United States District Court for the Eastern District of Washington,

24

25

and Senior District Judge Robert Whaley reversed the ALJ's decision. AR 1369–86. Judge Whaley ordered that the case be remanded for further administrative proceedings, and directed the ALJ to consider, under the appropriate legal standard, the opinion of N.K. Marks, Ph.D. AR 1385.

Following the second remand, ALJ Virginia Robinson issued a decision, dated March 13, 2019, once again finding plaintiff not disabled. AR 1259–70. Plaintiff now seeks review of ALJ Robinson's March 13, 2019 decision.

## I.    ISSUES FOR REVIEW

A.    Did the ALJ harmfully err in evaluating Dr. Marks's opinions?

B.    Did the ALJ harmfully err in determining at step five whether plaintiff could perform work existing in significant numbers in the national economy?

## II.    DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The ALJ assesses the claimant's residual functional capacity ("RFC") to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e), 416.920(e).

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

*Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

### A.  The ALJ Did Not Harmfully Err in Evaluating Dr. Marks's Opinions

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). When an examining physician's opinion is contradicted, an ALJ must provide specific and legitimate reasons for rejecting it. *Id.* In either case, substantial evidence must support the ALJ's findings. *Id.*

Dr. Marks examined plaintiff on February 20, 2012. *See* AR 651–58.[1] Dr. Marks opined plaintiff was an "organized and intelligent person" who "would be a good candidate for retraining in an area that did not require vision." AR 656. Dr. Marks

---

[1] The second page of Dr. Marks's report is missing from the record. Neither party has raised this as a significant issue, and thus the Court does not address it further.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 3

opined, however, that "it would be extremely difficult for [plaintiff] to maintain any sort of employment due to his lack of vision, and his extreme anxiety with leaving his home." *Id.* Dr. Marks opined plaintiff would be extremely uncomfortable and fearful in an unfamiliar environment and would not be able to work anywhere with exposure to constructions sites or heavy equipment due to panic and anxiety. *Id.*

The ALJ did not describe the weight she gave to Dr. Marks's opinions. *See* AR 1267. Yet the ALJ's decision makes clear she rejected Dr. Marks's opinions. *See id.* The ALJ reasoned that Dr. Marks's opinions were inconsistent with her treatment notes; inconsistent with plaintiff's treatment history, including his positive response to sporadic nature of treatment; too reliant on plaintiff's eye problems, which Dr. Marks was not qualified to assess; too reliant on plaintiff's agoraphobia, which was not adequately supported in the record; and too reliant on plaintiff's self-reports, which the ALJ rejected. *See* AR 1267.

The ALJ did not commit harmful error in rejecting Dr. Marks's opinions. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). First, the ALJ reasonably determined Dr. Marks's opinions were inconsistent with her treatment notes. An ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). As the ALJ noted, Dr. Marks observed plaintiff showed no signs of mood lability or overt anxiety, did not appear to be overly depressed, showed full orientation, appropriate thought content, normal concentration, persistence, and pace, normal memory, and

1     adequate abstract reasoning. *See* AR 653–54, 1267. These findings are inconsistent

2     with Dr. Marks's opinions that plaintiff had extreme anxiety that would make it difficult for

3     him to maintain employment, and would be extremely uncomfortable in an unfamiliar

4     environment. The ALJ thus reasonably rejected Dr. Marks's opinions on this basis.

5         Second, the ALJ reasonably rejected Dr. Marks's opinions for relying on plaintiff's

6     eye problems. An ALJ may reject a doctor's opinions when they are "on a matter not

7     related to her or his area of specialization." *Holohan v. Massanari*, 246 F.3d 1195, 1202

8     n.2 (9th Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(5)). Dr. Marks is a psychologist, and

9     there is no evidence to suggest she would have been qualified to assess plaintiff's right

10    eye blindness or left eye limitations. *See* AR 651–58.

11        The Court need not address the remainder of the ALJ's analysis of Dr. Marks's

12    opinions because any error in that analysis was harmless. "[A]n error is harmless so

13    long as there remains substantial evidence supporting the ALJ's decision and the error

14    'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674

15    F.3d 1104, 1115 (9th Cir. 2012) (quoting *Batson*, 359 F.3d at 1197). That Dr. Marks's

16    opinions were inconsistent with her treatment notes and outside her area of expertise

17    remains true regardless of whether, for example, the ALJ erred in finding Dr. Marks

18    unreasonably relied on plaintiff's self-reports. The ALJ therefore did not harmfully err in

19    rejecting Dr. Marks's opinions.

20        **B.**     **The ALJ Did Not Harmfully Err at Step Five**

21        At step five of the disability evaluation process, the ALJ assesses the claimant's

22    RFC to determine whether he can make an adjustment to other work. *Kennedy*, 738

23    F.3d at 1175. The Commissioner bears the burden to show the claimant can perform

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

jobs that exist "in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); 20 C.F.R. §§ 404.1520(e), 416.920(e).

Plaintiff contends the ALJ erred at step five because her hypotheticals to the vocational expert ("VE") failed to adequately account for climbing and balance restrictions contained in opinions the ALJ claimed to accept. Pl. Op. Br. (Dkt. 12), pp. 21–22. Guillermo Rubio, M.D., opined plaintiff could frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds. AR 601. Howard Platter, M.D., concurred with these findings. *See* AR 610. Samuel Barloon, M.D., gave no specific opinion as to the frequency with which plaintiff could climb, but stated plaintiff "has no depth perception, so climbing is difficult." AR 626. Albert Randolph, M.D., opined plaintiff's ability to perform exertional activities was "limited by episodic (unpredictable) dizziness." AR 1086. Gordon Hale, M.D., and Robert Hoskins, M.D., each opined plaintiff could occasionally balance, and never climb ladders, ropes, or scaffolds. AR 876, 889. The ALJ purported to give each of these opinions significant weight. AR 1266.

In the RFC, the ALJ limited plaintiff to never climbing ladders, ropes, or scaffolds, but did not place any limitations on climbing ramps or stairs. *See* AR 1264. The ALJ did not place specific restrictions on plaintiff's ability to balance. *See id.* Therefore, the ALJ did not account for all limitations in the RFC, based on the opinions she accepted.

But, the ALJ's decision is affirmed because plaintiff has failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09). Although the RFC did not completely account for the limitations opined by the doctors whose opinions the ALJ accepted, the ALJ identified at least one job existing in significant numbers in the national economy that accounted for all such limitations. The ALJ, based

on testimony from the VE, identified the job of cleaner, *Dictionary of Occupational Titles* ("DOT") 323.687–014, 1991 WL 672783 (Jan. 1, 2016), as one plaintiff could perform. *See* AR 1269. Per the DOT, that job requires no climbing and no balancing. *See* DOT 323.687–014, 1991 WL 672783.

Plaintiff contends this job was still precluded by the RFC because it would presumably involve exposure to dust even though the RFC stated plaintiff "should avoid concentrated exposure to excessive dust." *See* AR 1264. This argument is not persuasive, because there is no evidence in the record showing this job would involve exposure to *excessive* dust. In fact, the DOT states this job has no exposure to atmospheric or other environmental conditions, which includes dust. *See* DOT 323.687–014, 1991 WL 672783; *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, Appendix D (Defining atmospheric conditions as "[e]xposure to such conditions as fumes, noxious odors, dusts, mists, gases, and poor ventilation, that affect the respiratory system, eyes, or the skin"). The ALJ therefore identified at least one job plaintiff could perform that included all limitations established by the accepted evidence, and did not commit harmful error.

1

## CONCLUSION

2          Based on the foregoing discussion, the Court finds the ALJ properly determined

3   plaintiff to be not disabled. Defendant's decision to deny benefits therefore is

4   AFFIRMED.

5          Dated this 1st day of October, 2020.

6

7

8          *Theresa L. Fricke*

9          Theresa L. Fricke
           United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 8